UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| INTERACTIVE GAMES LLC,<br><br>Plaintiff,<br><br>v.<br><br>DRAFTKINGS INC.,<br><br>Defendant. | Case No. 1:26-cv-11544-WGY |

## JOINT RULE 26(f) REPORT AND [PROPOSED] CASE SCHEDULE

Pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and Local Rules 16.1(d) and 16.6 of the United States District Court for the District of Massachusetts, Plaintiff Interactive Games LLC and Defendant DraftKings Inc. (collectively, the "Parties") submit this Joint Rule 26(f) Report and [Proposed] Case Schedule setting forth their proposed discovery plan and pretrial schedule.

## I.    GENERAL PROVISIONS

### A.    Scheduling Conference

DraftKings believes that a scheduling conference with the Court would be beneficial for the Parties and the Court and thus requests that the Court set a scheduling conference. Conversely, pursuant to Rules 16(b) and 26(f) of the Federal Rules of Civil Procedure and Local Rules 16.1(d) and 16.6, Interactive Games does not object to the Court setting a schedule based on this written submission and therefore does not believe that a scheduling conference is necessary. Interactive Games is available, however, to attend a scheduling conference if the Court deems one necessary or helpful.

1

**B.      Obligation of Counsel to Confer**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure and Local Rule 16.1(b), counsel for the Parties conferred on June 29, 2026. This Joint Rule 26(f) Report and [Proposed] Case Schedule reflects the results of that conference and jointly proposes a discovery plan and pretrial schedule.

**C.      Trial by Magistrate**

The Parties do not consent to trial by magistrate judge.

**D.      Alternative Dispute Resolution**

The Parties are not amenable to mediation pursuant to Local Rule 16.1(d)(3)(B).

**E.      Settlement Proposal**

Pursuant to Local Rule 16.1(c), Interactive Games presented a written settlement proposal to DraftKings on June 18, 2026. Counsel for DraftKings has conferred with its client on the subject of settlement and will be prepared to respond to the proposal at the scheduling conference to the extent one is ordered.

**F.      Certifications Pursuant to Local Rule 16.1(d)(3)**

The Parties will each file their respective Local Rule 16.1(d)(3) certifications under separate cover.

**II.     DISCOVERY PLAN**

**A.      Initial Disclosures**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, the Parties exchanged initial disclosures by July 13, 2026. The Parties agree that discovery between the parties (*e.g.*, the service of discovery requests such as interrogatories, requests for production, and requests for admission) may begin on July 13, 2026. This agreement does not cover third-party discovery.

**B.      Subjects of Discovery/Phased Discovery**

Interactive Games anticipates discovery on at least the following issues:

1.      infringement, whether indirectly or directly and whether literally or under the doctrine of equivalents, of the asserted patents by DraftKings' products and services.

DraftKings additionally anticipates discovery on at least the following issues:

1.      validity under 35 U.S.C. §§ 101, 102, 103, and 112, including prior art known to or considered by any named inventor or prosecuting counsel; the conception, reduction to practice, and prosecution history of each asserted patent; communications among inventors, assignees, and prosecuting counsel regarding claim scope and patentability; and any prior art searches, freedom-to-operate opinions, or validity analyses conducted by or on behalf of any Cantor Entity[1];

2.      the inventorship of each asserted patent, including the actual contributions of each named inventor, the ability of each named inventor to contribute to the alleged invention, and the basis for naming each named inventor;

3.      the current ownership of each asserted patent and any financial interest any individual or entity holds in the outcome of this litigation, including all agreements, assignments, and transfers of rights relating to the asserted patents among any Cantor Entities;

---

[1] As defined by DraftKings, "Cantor Entity" means Plaintiff, CF Group Management, Inc.; Cantor Fitzgerald L.P.; BGC Group Inc.; CFPH LLC; CG Technology Holdings, LLC f/k/a Cantor G&W (Nevada) Holdings, LLC; CG Technology Holdings, L.P. f/k/a Cantor G&W (Nevada) Holdings, L.P.; CG Technology, LLC f/k/a Cantor G&W (Nevada), LLC; CG Technology, L.P. d/b/a Cantor Gaming f/k/a Cantor G&W (Nevada), L.P.; CG Technology Development, LLC; and/or any entity or trust with a present or former ownership interest in the asserted patents.

4.      the prosecution, examination, and issuance of the asserted patents that issued, including all communications between any Cantor Entity, named inventor, or prosecuting counsel and any official within the United States Patent and Trademark Office ("USPTO");

5.      the enforceability of the asserted patents;

6.      the proper construction of disputed claim terms in the asserted patents, including the prosecution history, inventor testimony, technical dictionaries or standards referenced during prosecution, and prior art that informs the ordinary and customary meaning of claim terms as of the relevant priority dates; and

7.      the proper measure of damages, including the smallest salable patent-practicing unit; the absence of any comparable license; whether any royalty demand reflects the incremental value of the patented invention as distinct from other features of DraftKings' products; and any licenses, offers to license, or licensing negotiations involving the asserted patents or related patents.

Additionally, the Parties anticipate issuing third-party subpoenas relating to the topics identified above. In particular, the Parties anticipate third-party discovery in the form of:

1.      subpoenas to third parties with discoverable information about DraftKings' products and services;

2.      subpoenas to the inventors of the asserted patents. To that end, counsel for Interactive Games stated during the Rule 26(f) conference that counsel for Interactive Games is representing the majority of the inventors and agreed to accept service of process of any subpoenas to such inventors that counsel for Interactive Games is representing. Counsel for Interactive Games stated that they are not representing Howard Lutnick, Secretary of Commerce.

4

Counsel for Interactive Games represented that any discovery of inventor Howard Lutnick would need to proceed through the Department of Commerce and the Department of Justice;

3.      subpoenas to third parties with discoverable information regarding prior art; and

4.      formal requests under the Freedom of Information Act ("FOIA"), including to the Department of Commerce, USPTO, and the Office of Inspector General of the Department of Commerce.

This list is not exhaustive, and the Parties reserve the right to seek additional discovery as the case progresses.

The Parties do not intend to conduct phased discovery in this case.

**C.      Discovery of Electronically Stored Information (ESI)**

The Parties agree that ESI discovery will be necessary in this case and will cooperate to prepare a proposed protocol governing its disclosure and discovery, which will be submitted to the Court for approval on or before July 27, 2026.

**D.      Protective Order**

The Parties agree that a Protective Order is warranted in this case, as discovery is expected to entail the production of documents, testimony, and source code containing confidential, proprietary, personal, and commercially sensitive information. The Parties further believe that such an order is necessary to balance their need for information to litigate the case against their need to maintain the confidentiality of certain information. The Parties will cooperate to prepare a proposed Protective Order, which will be submitted to the Court for approval on or before July 27, 2026.

### E.    Source Code

The Parties agree that any obligation for DraftKings to produce source code (*e.g.*, pursuant to Local Rule 16.6(d)(4)) will be tolled until a Protective Order is in place providing heightened protections for source code.

### F.    Privileged Materials

The Parties will exchange privilege logs on [**Interactive Games' Proposal**: January 29, 2027 / **DraftKings' Proposal**: September 1, 2027]. The Parties agree that no privilege log will be required for any privileged document created on or after April 2, 2026 (the commencement date of this litigation) that constitutes or reflects litigation work product or communications involving outside counsel and/or in-house counsel responsible for this litigation, including their staff, agents, or consultants. The Parties further agree that no privilege log will be required for any privileged document created during the pendency of, and directly related to, any of the previous litigations between the Parties, including Case No. 2-16-cv-00781 (DNV), Case No. 1-17-cv-01040 (DDE), Case No. 1-19-cv-01105 (DDE) (including any appeals therefrom or proceedings before the Patent Trial and Appeal Board concerning patents raised in any such litigations), that constitutes or reflects litigation work product or communications involving outside counsel and/or in-house counsel responsible for this litigation, including their staff, agents, or consultants. These exemptions do not apply to documents specified in Rule 26(b)(4)(C) of the Federal Rules of Civil Procedure.

**G.    Discovery Limitations**

The Parties propose the following discovery limitations for each side:

1.    **Interactive Games' Proposal**: Ten (10) depositions per side for fact-witness and third-party depositions;[2]

    **DraftKings' Proposal**: Thirteen (13) depositions for inventors of the patents-in-suit and ten (10) depositions per side for fact-witness and other third-party depositions;[3]

    **Agreed**: If a Party produces several individuals to cover various topics in a Rule 30(b)(6) deposition, that counts as only one deposition toward the 10-deposition limit, regardless of how many designees testify. Expert depositions do not count against the deposition limit. To the extent that an expert opines on both infringement and invalidity, the Party opponent shall be entitled to take a deposition for each of infringement and invalidity. The Parties anticipate taking videotaped depositions, and the admissibility of any such deposition testimony at trial shall be governed by the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and the Local Rules.

2.    Twenty-Five (25) Interrogatories;

---

[2] DraftKings' proposal is entirely asymmetrical. Because Interactive Games' counsel represents the majority of the inventors, DraftKings' proposal is tantamount to providing DraftKings with twenty-three (23) depositions and Interactive Games with only ten (10) depositions. Interactive Games believes that the default limitation in the Local Rules is sufficient.

[3] Interactive Games chose to assert five patents and over 120 claims against DraftKings. For that it is seeking substantial damages. Those five asserted patents have 13 inventors, all of whom must be deposed. Were Interactive Games to have its way, DraftKings would not only be unable to depose all of the inventors, even that narrowed set would fully exhaust all potential depositions that DraftKings could take. DraftKings should not be prejudiced by Interactive Games' decision to assert so many patents that implicate so many witnesses.

3.        Twenty-Five (25) Requests for Admission;[4] and

4.        Two (2) separate sets of Requests for Production.[5]

## III.    PROPOSED CASE SCHEDULE

The Parties propose the competing schedules set forth below.

**Interactive Games' Position**: Interactive Games' proposed case schedule is consistent with the Local Rules and keeps the case on track for trial in a reasonable amount of time. *See* L.R. 16.6(c). DraftKings' proposed case schedule, by contrast, unnecessarily delays the case by setting the close of fact discovery, close of expert discovery, and trial at the outer limits permitted by the Local Rules, leaving no room for adjustments to the schedule to accommodate unforeseen circumstances.

**DraftKings' Position**: DraftKings' proposed case schedule does not delay the case, but merely tracks the express deadlines defined in the Local Rules, assuming a scheduling conference one week after the filing of this Report. *See* L.R. 16.6(c) (trial "within 24 months after the conference"; claim construction hearing "within 9 months after the conference"; fact discovery cutoff "no later than 15 months after the initial scheduling conference"; etc.). That standard schedule is appropriate here (if perhaps even too short) because this is not a simple case. As noted above, Interactive Games is asserting five patents, more than 120 asserted claims, and issues involving no fewer than 13 inventors. The case also presents an unusual discovery circumstance: one of the named inventors, Howard Lutnick, now serves as the U.S. Secretary of Commerce, after previously serving as Chairman, President, and C.E.O. of Plaintiff Interactive

---

[4] This limit does not apply to Requests for Admission for authentication of documents and things.

[5] The Parties reserve the right to request additional set(s) of Requests for Production to account for information learned during discovery.

Games. In addition, four of the five asserted patents issued from the U.S. Patent and Trademark Office—an agency "within the Department of Commerce" and "subject to the policy direction of the Secretary of Commerce," 35 U.S.C. § 1(a)—during Mr. Lutnick's tenure as Secretary. DraftKings raises these facts not to suggest any impropriety, but because they bear directly on the practical mechanics of discovery. As Interactive Games' own counsel has acknowledged, discovery involving Mr. Lutnick will need to proceed through both the Department of Commerce and the Department of Justice, and DraftKings anticipates that obtaining relevant discovery will require compliance with applicable *Touhy* and agency procedures. Thus, important discovery in this case will be governed, at least in part, by federal agency processes outside DraftKings' control and may be affected by timing considerations DraftKings cannot influence. For these reasons, a shortened trial and fact-discovery schedule would be inappropriate, and the Court should adopt the standard schedule prescribed by the Local Rules.

| Event | Interactive Games' Proposed Date | DraftKings' Proposed Date |
|---|---|---|
| Deadline to Exchange Rule 26(a)(1) Initial Disclosures | July 13, 2026 | |
| Deadline for Parties to Submit Proposed Protective Order | July 27, 2026 | |
| Deadline for Parties to Submit Proposed ESI Discovery Order | July 27, 2026 | |
| Deadline for Patentee's Preliminary Patent-Related Disclosures pursuant to Local Rule 16.6(d)(1) | July 23, 2026 | August 10, 2026 |
| Deadline for Conference Regarding Patentee's Preliminary Patent-Related Disclosures pursuant to Local Rule 16.6(d)(2) | August 13, 2026 | August 31, 2026 |
| Deadline for Accused Infringer's Preliminary Production of Technical Documents, Source Code, and Samples of Accused Products pursuant to Local Rule 16.6(d)(4) | September 3, 2026 | September 21, 2026 |
| Deadline for Simultaneous Exchange of Claim Terms to Be Construed and Their Proposed Constructions pursuant to Local Rule 16.6(e)(1)(A) | September 24, 2026 | December 7, 2026 |
| Deadline for Parties' Conference Regarding Proposed Claim Constructions pursuant to Local Rule 16.6(e)(1)(B) | October 1, 2026 | December 21, 2026 |
| Deadline to Submit Joint Statement of the Number of Claim Terms to be Construed and Their Proposed Constructions pursuant to Local Rule 16.6(e)(1)(D) | October 15, 2026 | January 4, 2027 |
| Deadline for the Simultaneous Exchange of Opening Claim Construction Briefs pursuant to Local Rule 16.6(e)(2) | November 5, 2026 | January 25, 2027 |
| Deadline for Expert Claim Construction Depositions pursuant to Local Rule 16.6(e)(3) | November 25, 2026 | February 12, 2027 |
| Deadline for the Simultaneous Exchange of Responsive Claim Construction Briefs pursuant to Local Rule 16.6(e)(4) | December 17, 2026 | March 8, 2027 |
| Tutorials Exchanged | December 31, 2026 | March 15, 2027 |

| Event | Interactive Games' Proposed Date | DraftKings' Proposed Date |
|---|---|---|
| Deadline for Parties to Substantially Complete Document Productions | January 4, 2027 | August 18, 2027 |
| Claim Construction Hearing | On or around January 15, 2027, or at the Court's convenience | On or around March 29, 2027, or at the Court's convenience |
| Deadline for Disclosure of Reliance on Advice of Counsel pursuant to Local Rules 16.6(f)(1) and 16.6(f)(2) | Not later than 28 days after entry of the court's claim construction ruling | |
| Deadline to Seek Leave to Amend Contentions pursuant to Local Rule 16.6(d)(5)(A) | Not later than 28 days after entry of the court's claim construction ruling | |
| Deadline for Parties to Exchange Privilege Logs | January 29, 2027 | September 1, 2027 |
| Deadline for the Amendment of Pleadings and Joinder of Additional Parties | January 15, 2027 | September 1, 2027 |
| Fact Discovery Closes | April 2, 2027 (or 60 days after entry of the Court's ruling on claim construction, whichever is later) | October 20, 2027 (or 60 days after entry of the Court's ruling on claim construction, whichever is later) |
| Deadline to Submit Opening Expert Reports (on issues where the party bears the burden of proof) | April 23, 2027 (or 21 days after fact discovery closes, whichever is later) | November 10, 2027 (or 21 days after fact discovery closes, whichever is later) |
| Deadline to Submit Rebuttal Expert Reports | May 24, 2027 (or 30 days after the deadline to submit Opening Expert Reports, whichever is later) | December 8, 2027 (or 30 days after the deadline to submit Opening Expert Reports, whichever is later) |
| Deadline to Submit Reply Expert Reports | June 8, 2027 (or 15 days after the deadline to submit Rebuttal Expert Reports, whichever is later) | December 22, 2027 (or 15 days after the deadline to submit Rebuttal Expert Reports, whichever is later) |
| Expert Discovery Closes | July 1, 2027 (or 90 days after the | January 20, 2028 (or 90 days after the |

| Event | Interactive Games' Proposed Date | DraftKings' Proposed Date |
|---|---|---|
|  | close of fact discovery, whichever is later) | close of fact discovery, whichever is later) |
| Deadline for Filing Dispositive Motions (including any *Daubert* Motions) | July 15, 2027 (or 14 days after the close of expert discovery, whichever is later) | February 17, 2028 (or 28 days after the close of expert discovery, whichever is later) |
| Deadline for Filing Oppositions to Dispositive Motions | August 5, 2027 (or 21 days after the deadline for filing dispositive motions, whichever is later) | March 9, 2028 (or 21 days after the deadline for filing dispositive motions, whichever is later) |
| Deadline for Filing Replies to Dispositive Motions | August 19, 2027 (or 14 days after the deadline for filing oppositions to dispositive motions, whichever is later) | March 23, 2028 (or 14 days after the deadline for filing oppositions to dispositive motions, whichever is later) |
| Fed. R. Civ. P. 26(a)(3) Pretrial Disclosures (witnesses, exhibits, depo designations) | September 20, 2027 | May 26, 2028 |
| Counsel Confer to Prepare Joint Pretrial Memorandum pursuant to Local Rule 16.5(d) | October 1, 2027 | June 12, 2028 |
| File Joint Pretrial Memorandum pursuant to Local Rule 16.5(d) | October 8, 2027 | June 16, 2028 |
| Pretrial Conference | On or around October 18, 2027, or at the Court's convenience | June 26, 2028, or at the Court's convenience |
| Trial Briefs (incl. requests for rulings / instructions) pursuant to Local Rule 16.5(f) | October 25, 2027 | July 10, 2028 |
| Trial | On or around November 1, 2027, or at the Court's convenience | On or around July 17, 2028, or at the Court's convenience |

Dated: July 15, 2026

Respectfully submitted,

*/s/ Michael Joffre*

Craig R. Smith (BBO# 636723)
**LANDO & ANASTASI, LLP**
60 State Street, 23rd Floor
Boston, MA 02109
(617) 395-7000
CSmith@LALaw.com

*Of Counsel*:
Michael Joffre (BBO# 661399)
Chandrika Vira (DCB# 1018150)
(admitted *pro hac vice*)
Daniel Block (DCB# 1009049)
(*admitted pro hac vice*)
William H. Milliken (DCB# 1032206)
(*admitted pro hac vice*)
Richard A. Crudo (DCB# 1015732)
(*admitted pro hac vice*)
**STERNE, KESSLER, GOLDSTEIN &**
   **FOX P.L.L.C.**
1101 K Street, NW, 10th Floor
Washington, DC 20005
(202) 371-2600
mjoffre@sternekessler.com
cvira@sternekessler.com
dblock@sternekessler.com
wmilliken@sternekessler.com
rcrudo@sternekessler.com

*Attorneys for Plaintiff*
*Interactive Games LLC*

*/s/ Jamie R. Lynn*

Brian M. Seeve (BBO# 670455)
**PRINCE LOBEL TYE LLP**
One International Place, Suite 3700
Boston, MA 02110
(617) 456-8000
bseeve@princelobel.com

*Of Counsel*:
Kurt M. Pankratz (*pro hac vice*)
Clarke W. Stavinoha *(pro hac vice)*
**BAKER BOTTS L.L.P.**
2001 Ross Ave
Suite 900
Dallas, TX 75201
(214) 953-6500

Jamie R. Lynn (BBO# 667350)
Thomas C. Martin *(pro hac vice)*
Michael Kachmarik *(pro hac vice)*
Andrew Wilson (*pro hac vice*)
Erica Rose (*pro hac vice*)
**BAKER BOTTS L.L.P.**
700 K St. N.W.
Washington, D.C. 20001
(202) 639-7786

*Attorneys for Defendant*
*DraftKings Inc.*

13

## CERTIFICATE OF SERVICE

I certify that on July 15, 2026, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which automatically sends email notification of such filing to registered participants.

Dated: July 15, 2026

*/s/ Michael Joffre*
Michael Joffre (BBO# 661399)
**STERNE, KESSLER, GOLDSTEIN & FOX P.L.L.C.**
1101 K Street, NW, 10th Floor
Washington, DC 20005
(202) 371-2600
mjoffre@sternekessler.com

*Attorneys for Plaintiff*
*Interactive Games LLC*